# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 763 CAP |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Sentence entered February 28, |
| | : | 1994 in the Court of Common Pleas, |
| v. | : | Philadelphia County, Criminal |
| | : | Division at Nos. CP-51-CR- |
| | : | 1035061-1991. (Nunc Pro Tunc |
| AARON JONES, | : | appeal rights reinstated on |
| | : | December 14, 2017) |
| Appellant | : | |

## CONCURRING STATEMENT

**JUSTICE DONOHUE**                                                 **FILED: September 21, 2020**

I concur. The per curiam order's reliance on *Commonwealth v. Reid*, ___ A.3d ___, 2020 WL 4803596 (Pa. filed Aug. 18, 2020), resolves this case, because even if the holding in *Williams v. Pennsylvania*, ___ U.S. ___, 136 S.Ct. 1899 (2016), inured to Jones' benefit its retroactive application is foreclosed by *Reid*.

I authored a dissenting opinion in *Reid*, which explains my position that *Williams* must apply retroactively. Notwithstanding, I agree that the PCRA court's order reinstating Jones' appellate rights must be reversed even under the views set forth therein. *Williams* held that former Chief Justice Castille violated the Due Process Clause by participating in a collateral appeal after having a "significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Id*. at 1905. As set forth in my *Reid* dissent, I believe that *Williams* must apply retroactively to an extremely small number of individuals. The opinion identified that class as "those capital case defendants where

Castille, as District Attorney, authorized pursuit of the death penalty and later participated in an appeal from imposition of a death sentence." *See Commonwealth v. Reid*, ___ A.3d ___, 2020 WL 4783557 at n.4 (Pa. Aug. 18, 2020).

Jones is not among that group. Unlike *Reid*, where the Commonwealth did not argue that the PCRA petition was untimely, its brief in this appeal argues that the underlying PCRA petition at issue did not meet the time-bar exception because *Williams* is inapposite. The Commonwealth argues that "former Chief Justice Castille did not have significant, personal involvement in this case during his time as the District Attorney of Philadelphia. In fact, his tenure as the District Attorney ended six months before defendant was even arrested in this case." Commonwealth's Brief at 10. *See* PCRA Court Order, 12/14/2017, at 6 ("By the time [Jones] was charged, convicted and sentenced in the instant case, Mr. Castille was no longer serving as the District Attorney …"). The PCRA court found that *Williams* nonetheless applied "due to the history between [Jones] and then District Attorney Castille," which included prosecutions against Jones due to his role in the Junior Black Mafia drug organization. *Id*. at 5.

The Commonwealth is correct. Because Castille lacked involvement in the actual prosecution against Jones that resulted in the death sentence, *Williams* is not implicated. Therefore, the point of dispute in *Reid* does not arise here and I agree that Jones' petition was untimely and the December 14, 2017 order granting relief must be vacated.[1] Furthermore, I note that the remaining exceptions to the time-bar would not apply under

---

[1] I adhere to my view that this Court cannot quash the instant appeal. *See Commonwealth v. Reid*, ___ A.3d ___, 2020 WL 4783557 (Pa. filed Aug. 18, 2020), at n.9. The PCRA court had jurisdiction to determine its jurisdiction, and the finding that the PCRA court erred results in vacating that order.

*Reid*, as the Court there rejected arguments that language within *Williams* amounted to factual findings that could overcome the time-bar. Additionally, the alleged newly discovered facts and/or governmental interference regarding Castille's participation are irrelevant in light of the fact that such participation does not fall within the ambit of *Williams*. *See* 42 Pa.C.S. § 9545(b)(1)(i-ii).